MORGAN CHRISTOPHER v. DETROIT, LANSING & NORTHERN RAILROAD COMPANY.

*Ejectment—Right to recover—New trial.*

1. Undisputed proof of regular title in the plaintiff in ejectment entitles him to recover.

2. *It seems* that one who goes into possession of lands with the owner's permission, and under the belief that the land has been granted by a wrong description, may acquire rights therein that ought not to be disturbed by an action of ejectment; but unless such facts are shown mere continued possession will not raise such presumptions in defendant's favor as will defeat a legal action.

3. The application for the statutory new trial in ejectment must be made in the trial court.

Error to Clinton. (V. H. Smith, J.) Jan. 22—Jan. 28.

EJECTMENT. Defendant brings error. Affirmed.

*M. V. & R. A. Montgomery* for appellant, cited as to the presumption of lawful possession, *Smith v. Lorillard* 10 Johns. 338; *Stark v. Star* 1 Sawy. 15; *Bedell v. Shaw* 59 N. Y. 50; *Cook v. Travis* 20 N. Y. 403.

*H. J. Patterson* and *Spaulding & Barker* for appellee.

CAMPBELL, J. Plaintiff recovered in ejectment for lands forming a part of the track of defendant's railway. He made out a regular title, and defendant introduced no testimony against it. Under these circumstances the recovery was correct.

Mr. Montgomery's testimony, although he could not testify from knowledge, rendered it quite likely that the company went into possession under permission of the owner, and under the belief that he had granted the lands by a wrong description, which if shown might have brought the case within the principle of *Morrill v. Mackman* 24 Mich. 279, and given defendant rights which ought not to be disturbed. In the absence of any evidence we are not prepared to hold that the case, although one of continued possession, raises such presumptions in favor of defendant as would defeat a legal action. But the statute which allows new trials will probably make it possible to remedy this deficiency hereafter. Judgment must be affirmed, but the case remanded to the circuit for such further action as may be deemed necessary in order to secure an adequate showing by the defense of any rights which they may have in the premises. The application for a second trial must be made there.

The other Justices concurred.